**IN THE UNITED STATES DISTRICT COURT FOR THE WESTERN DISTRICT OF OKLAHOMA**

UNITED STATES ex rel DEBRA A. SHAW, )
)
)
Plaintiffs, )
)
vs. ) Case No. CIV-95-950-M
) (Master Docket)[1]
AAA ENGINEERING & DRAFTING, INC., a Utah corporation; WILBUR L. BRAKHAGE, Supervisor; and JANICE KEELIN, Supervisor, )
)
Defendants. )

**ORDER**

Before the Court is plaintiff Debra A. Shaw's ("Shaw") Motion for District Court to Enforce District Court's Final August 20, 2003 Order Directing J. William Bennett to Produce Documents to Plaintiff, filed January 5, 2006. On January 23, 2006, non-party J. William Bennett ("Bennett") filed his response in opposition to Shaw's motion. Also before the Court is Bennett's Motion that the Court Consider the Merits of Previously Filed Motion to Quash Subpoena, filed January 23, 2006. On February 10, 2006, Shaw filed her objection to Bennett's motion.

Motion to Enforce August 20, 2003 Order

Shaw moves this Court to order Bennett to comply with this Court's August 20, 2003 Order ("Order"). Shaw contends that in the Order this Court directed Bennett to produce various documents and that Bennett has failed to produce said documents and, thus, has failed to comply with the Order.

---

[1]Consolidated with Case No. CIV-95-951-M in the United States District Court for the Western District of Oklahoma.

The Order provides:

> On June 9, 2003, United States Magistrate Judge Bana Roberts issued an order granting defendant AAA Engineering & Drafting, Inc.'s ("AAA Engineering") motion to quash and granting surety American Manufacturers Mutual Insurance Company's motion to quash. On June 30, 2003, plaintiffs filed an "Appeal of Magistrate's Order Granting Motions to Quash Filed by Suspended Judgment Debtor Corporation and Its Surety."
>
> On January 21, 1998, AAA Engineering's right to do business within the State of Oklahoma was suspended for failure to comply with Oklahoma franchise tax law.[2] A corporation whose right to do business within the State of Oklahoma has been suspended is denied the right to defend in any court in the State of Oklahoma, and no affirmative relief shall be granted to such corporation. *See* OKLA. STAT. tit. 68, § 1212(c) (2003). AAA Engineering filed its motion to quash on March 6, 2003, when its right to do business within the State of Oklahoma was suspended and when it had no right to defend or obtain affirmative relief.
>
> Accordingly, the Court STRIKES AAA Engineering's motion to quash [docket nos. 367-369] and VACATES that portion of the Magistrate Judge's order granting AAA Engineering's motion to quash.
>
> Having carefully reviewed the Magistrate Judge's order and plaintiffs' appeal, the Court agrees with the Magistrate Judge's thorough and well-reasoned order. Accordingly, the Court AFFIRMS that portion of the Magistrate Judge's order granting the surety's motion to quash.

Order [docket no. 430].

As a review of the Order clearly shows, the Court did not direct Bennett to produce any documents. The Court simply struck defendant AAA Engineering & Drafting, Inc.'s ("AAA Engineering") motion to quash and vacated that portion of the Magistrate Judge's order granting AAA Engineering's motion to quash. As a result of the Order, the parties were left in the same

[2]AAA Engineering has since paid its franchise taxes, including interest and penalties, and on July 29, 2003, the Oklahoma Tax Commission reinstated AAA Engineering as a foreign corporation in good standing.

position they would have been in if AAA Engineering's motion to quash had not been filed.[3]

Accordingly, because Bennett was not required to produce the documents at issue prior to AAA Engineering's motion to quash being filed and because the Court did not require Bennett to produce the documents in the Order, the Court finds Bennett has fully complied with the Order. The Court, therefore, finds that Shaw's motion to enforce August 20, 2003 Order should be denied.

Motion to Consider the Merits of Previously Filed Motion to Quash

Bennett moves this Court to consider the merits of his motion to quash filed on October 12, 2005. On December 16, 2005, United States Magistrate Judge Bana Roberts denied Bennett's motion to quash as premature because Shaw had not attempted to enforce the subpoena. Bennett contends that this Court should now consider his motion to quash because Shaw has attempted to enforce the subpoena by way of her motion to enforce the August 20, 2003 Order. In her response, however, Shaw states that she does not seek to enforce the subpoena but is seeking compliance with the August 20, 2003 Order.

Having carefully reviewed the parties' submissions, the Court finds that Bennett's motion to quash is still premature.[4] Accordingly, the Court finds that Bennett's motion to consider the merits of previously filed motion to quash should be denied.

[3]On February 24, 2003, Shaw's counsel demanded production of billing records from Bennett. In a letter dated February 27, 2003, Bennett objected to Shaw's counsel's request. Thus, pursuant to Federal Rule of Civil Procedure 45(c)(2)(B), Shaw was not entitled to production of the billing records except pursuant to an order of the court by which the subpoena was issued. As of this date, Shaw has not moved to compel the production of these billing records.

[4]The Court would again note that because Bennett has made a written objection to the production of the billing records, he is not required to produce those records unless and until a court orders their production upon motion by Shaw.

Conclusion

For the reasons set forth above, the Court DENIES Shaw's Motion for District Court to Enforce District Court's Final August 20, 2003 Order Directing J. William Bennett to Produce Documents to Plaintiff [docket no. 727] and DENIES Bennett's Motion that the Court Consider the Merits of Previously Filed Motion to Quash Subpoena [docket no. 742].

**IT IS SO ORDERED this 6th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE