**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES ex rel DEBRA A. SHAW, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-95-950-M ) (Master Docket)[1] |
| AAA ENGINEERING & DRAFTING, INC., a Utah corporation; WILBUR L. BRAKHAGE, Supervisor; and JANICE KEELIN, Supervisor, | ) ) ) ) ) |
| Defendants. | ) |

**ORDER**

On March 8, 2006, United States Magistrate Judge Bana Roberts issued a Report and Recommendation regarding the Motion by J. William Bennett for Rule 11 Sanctions Against Attorney Marilyn Barringer-Thomson. The Magistrate Judge recommended that Marilyn Barringer-Thomson ("Thomson") be sanctioned for submitting two briefs to this Court [docket nos. 702 and 703] that contain allegations and factual contentions lacking in evidentiary support. Additionally, subject to a final determination of the reasonableness of the attorney's fees and expenses incurred by J. William Bennett ("Bennett") in presenting his motion for sanctions, the Magistrate Judge found that an award of the full amount of such attorney's fees and expenses appears necessary to deter future misconduct by Thomson. The parties were advised of their right to object to the Report and Recommendation by March 28, 2006, and on that date, Thomson filed her objections.

In her objections, Thomson asserts that this Court should reject the Report and Recommendation in its entirety and set it aside as clearly erroneous and contrary to law in light of

---

[1] Consolidated with Case No. CIV-95-951-M in the United States District Court for the Western District of Oklahoma.

all of the circumstances involved in this action.  Specifically, Thomson contends that the Magistrate Judge erroneously found that Bennett has standing to seek Rule 11 sanctions.  Having carefully reviewed this matter de novo, the Court finds, for the reasons set forth in the Report and Recommendation, that Bennett has standing to seek Rule 11 sanctions.  Bennett is not only an attorney in this case, as Thomson asserts; he is also a non-party who was subpoenaed to produce documents and who has been required to incur legal fees to resist such subpoena.

Thomson also contends that the Magistrate Judge erroneously found that sanctions were warranted.  Bennett asserts that Thomson violated the provisions of Federal Rule of Civil Procedure 11(b)(3).  Rule 11(b)(3) provides, in pertinent part:

> **(b) Representations to Court.**  By presenting to the court (whether by signing, filing, submitting, or later advocating) a pleading, written motion, or other paper, an attorney or unrepresented party is certifying that to the best of the person's knowledge, information, and belief, formed after an inquiry reasonable under the circumstances, –
>
> \*     \*     \*
>
> (3) the allegations and other factual contentions have evidentiary support . . . .

Fed. R. Civ. P. 11(b)(3).

Specifically, Bennett contends Thomson violated Rule 11(b)(3) when she made the following statements in her response and supplement to her response to his motion to quash:

> Plaintiff's Exhibit 1, Extracts of 10-13-05 Transcript of Evidentiary Hearing, at pgs. _____ conducted by the Honorable Judge Bruce Jenkins (Charles Ross Anderson testified that Bennett told him to transfer assets from AAA Engineering & Drafting after Shaw's judgments and Anderson's most recent transfer occurred between June and October 2005 when he transferred AAA's dba American Adventures Association to himself).

Docket No. 702, p.6 (footnote omitted).

> Plaintiff's November 2, 2005 brief [Doc. 702] at page 6 ¶ 1, cites to "Plaintiff's Exhibit 1, Extracts of 10-13-05 Transcript of Evidentiary hearing, at pgs. ____ conducted by the Honorable Judge Bruce Jenkins (Charles Ross Anderson testified that Bennett told him to transfer assets from AAA Engineering & Drafting after Shaw's judgments and Anderson's most recent transfer occurred between June and October 2005 when he transferred AAA's dba American Adventures Association to himself)." wherein Charles Ross Anderson was questioned by the Court and testified regarding asset transfers he was told to make by his attorney J. William Bennett and by his accountant C. Wyn Bowman.
>
>        \*      \*      \*
>
> b. The transcript shows:
>     i. The Court's questions to Charles Ross Anderson regarding the identity of persons who advised him to take assets instead of money and other transaction(s); and, Charles Ross Anderson testimony that his accounting firm Huber, Erickson and Bowman, and Winn (sic) Bowman; and, his attorney J. William Bennett advised him and provided him with sample forms to utilized in his transfers. Plaintiff's Exhibit 1 at 44, L23-25; at 45-46.

Docket No. 703, pp. 1-2.

      Having carefully reviewed the October 13, 2005 transcript, the Court finds that Mr. Anderson did not testify that he was told to make certain asset transfers by his attorney Bennett. The Court further finds that no reasonable and competent attorney would believe otherwise. Accordingly, the Court finds that Thomson violated Rule 11(b)(3) when she included in her briefs the above statements that are wholly lacking in evidentiary support.

      Finally, Thomson asserts that the Magistrate Judge erroneously denied her request for an evidentiary hearing. Specifically, Thomson contends that the Court should conduct an evidentiary hearing to include the testimony of Bennett and Mr. Anderson and additional documentary evidence she wishes to present. Because the statements at issue relate solely to the alleged testimony at the

October 13, 2005 hearing, the Court finds no hearing is required – the transcript of the October 13, 2005 hearing is the only evidence necessary.

Accordingly, upon de novo review, the Court:

(1) ADOPTS the Report and Recommendation issued by the Magistrate Judge on March 8, 2006;

(2) GRANTS Bennett's Motion for Rule 11 Sanctions Against Attorney Marilyn Barringer-Thomson [docket no. 715]; and

(3) DIRECTS Bennett to submit documentation detailing and supporting any fees and expenses he incurred in presenting his motion for sanctions; he shall file such documentation on or before April 21, 2006.  If she so chooses, Thomson shall respond to such documentation within eighteen (18) days of its submission.

**IT IS SO ORDERED this 12th day of April, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE