**IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA**

| | |
|---|---|
| UNITED STATES ex rel DEBRA A. SHAW, | ) ) ) |
| Plaintiffs, | ) ) |
| vs. | ) Case No. CIV-95-950-M ) (Master Docket)[1] |
| AAA ENGINEERING & DRAFTING, INC., a Utah corporation; WILBUR L. BRAKHAGE, Supervisor; and JANICE KEELIN, Supervisor, | ) ) ) ) ) |
| Defendants. | ) |

## ORDER

On April 12, 2006, this Court issued an order granting J. William Bennett's Motion for Rule 11 Sanctions Against Attorney Marilyn Barringer-Thomson. In its order, the Court directed Mr. Bennett to submit documentation detailing and supporting any fees and expenses he incurred in presenting his motion for sanctions. On April 20, 2006, Mr. Bennett filed his documentation. On May 8, 2006, Ms. Barringer-Thomson filed her response to the documentation, and on May 30, 2006, she submitted evidence of her financial ability to pay sanctions to this Court *in camera, ex parte*.

> Rule 11 sanctions are meant to serve several purposes, including (1) deterring future litigation abuse, (2) punishing present litigation abuse, (3) compensating victims of litigation abuse, and (4) streamlining court dockets and facilitating case management. Deterrence is, however, the primary goal of the sanctions.

*White v. Gen. Motors Corp., Inc.*, 908 F.2d 675, 683 (10th Cir. 1990) (internal citations omitted).

"The appropriate sanction should be the least severe sanction adequate to deter and punish the

---

[1] Consolidated with Case No. CIV-95-951-M in the United States District Court for the Western District of Oklahoma.

[individual]." *Id.* at 684. In determining the monetary sanctions appropriate in a given case, a court must consider at least the following circumstances: (1) the reasonable expenses, including a reasonable attorney's fee, incurred because of the improper behavior; (2) the minimum amount necessary to deter attorney misconduct; (3) the offender's ability to pay; and (4) other factors, such as the offending party's history, experience, and ability, the severity of the violation, the degree to which malice or bad faith contributed to the violation, the risk of chilling the type of litigation involved, and other factors as deemed appropriate in individual circumstances. *Id.* at 684-685.

Mr. Bennett requests the Court to award him $2,930.70, the full amount of his attorney's fees and expenses. Having carefully reviewed the "Recap of Time Spent and Expenses" submitted by Mr. Bennett, the Court finds that he incurred $2,195.70[2] in reasonable expenses and attorney's fees because of Ms. Barringer-Thomson's improper conduct. While the Court finds that it is proper to include the time Mr. Bennett's counsel spent investigating this matter based upon Ms. Barringer-Thomson's statement in a brief in a related case, which was made prior to the statements at issue in this matter, the Court finds that it would be inappropriate to include the time, during this same period, that Mr. Bennett's counsel spent conferring with Mr. Bennett and preparing a memorandum regarding this issue and a proposed course of action.

Further, the Court finds that these reasonable expenses and attorney's fees should be reduced by approximately half in light of Ms. Barringer-Thomson's ability to pay and her history and experience in this Court. The Court also finds that this reduction is appropriate based upon the lack of malice and bad faith involved in the violation. Finally, the Court finds that a sanction of $1,100

---

[2]This amount is based upon $2,187.50 in attorney's fees (12.5 hours x $175/hr) and $8.20 in expenses for a copy of the transcript of the hearing in Utah.

is the minimum amount necessary to deter Ms. Barringer-Thomson from engaging in the subject conduct again.

Accordingly, for the reasons set forth above, the Court ORDERS Ms. Barringer-Thomson to pay to Mr. Bennett $1,100 as sanctions for submitting two briefs to this Court that contained allegations and factual contentions lacking in evidentiary support.

**IT IS SO ORDERED this 13th day of June, 2006.**

VICKI MILES-LaGRANGE
UNITED STATES DISTRICT JUDGE